# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| TIMOTHY THORPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-05083-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence

presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found the Plaintiff had a history of lumbar spinal cord injury status-post repair with degenerative disc disease; history of left arm/shoulder injury with residuals; and peripheral neuropathy (20 C.F.R. 404.1520(c)). The ALJ also determined that Plaintiff has the following non-severe impairments: gastroesophageal reflux disease, erectile dysfunction, obesity, hypertension, chronic obstructive pulmonary disease, tobacco abuse, anxiety, and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").

Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with the following specific limitations: lift and carry 10 pounds frequently and 20 pounds occasionally; stand and walk for 4 hours per 8-hour workday and sit for 4 hours per 8-hour workday; standing and walking at any one time is limited to 60 minutes; sitting is limited to 120 minutes, and while seated, requires an ability to shift at will, but can stay on task while shifting, and while seated, needs the ability to elevate one leg, but not more than 9 inches, on a foot stool or similar item; no pushing or pulling with the bilateral upper or lower extremities, and no foot control operation bilaterally; no climbing of ropes, ladders or scaffolds; climbing ramps or stairs is limited to 15% of the workday; stooping, squatting and crouching are limited to 15% of the workday; no kneeling or crawling; reaching bilaterally is limited to frequent, reaching above the shoulder level is limited to occasional bilaterally, and reaching above the head bilaterally is limited to 15% of the workday; no exposure to extreme cold; cannot use air or vibrating tools; no exposure to hazardous conditions or moving machinery; and no exposure to unprotected heights. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff makes three arguments as to why the case should be remanded. First, Plaintiff argues the RFC was not supported by substantial evidence because the ALJ gave great

weight to Dr. Mel Moore's opinion, but did not include all of the limitations contained in Dr. Moore's opinion. Second, Plaintiff contends the ALJ erred by failing to weigh the medical opinions of treating and examining sources issued prior to the alleged onset date. Finally, Plaintiff argues the ALJ failed to properly consider Plaintiff's subjective reports. All of Plaintiff's arguments will be discussed in turn.

I. **The ALJ Failed to Provide Explanation for Discounting Portions of Dr. Moore's Opinion**

The Plaintiff's first argument centers around the ALJ's evaluation of Dr. Mel Moore's opinion, the state agency medical consultant, and the incorporation of that opinion into the RFC. At issue is the opinion of Dr. Moore that Plaintiff was "limited to work that did not demand use of his left upper extremity." (Tr. 70, 156.) The RFC, while it did include other limitations (lifting, carrying, pushing, pulling, climbing, and reaching), failed to include this specific limitation from Dr. Moore. (Tr. 67.) Further, the RFC did not include a limitation greater than that opined by Dr. Moore as to the use of Plaintiff's upper left extremity. (See Tr. 67.) Plaintiff argues "the ALJ failed to include the limitations of work that did not demand use of his left upper extremity and handling with the left upper extremity in the RFC assessment or explain why the limitations were omitted." (Doc. 7, p. 12.) "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184 at *7 (S.S.A. July 2, 1996); *See also Trotter v. Colvin*, No. 3:15-CV-05013-NKL, 2015 WL 5785548, at *4 (W.D. Mo. Oct. 2, 2015) (finding error where ALJ did not explain why Plaintiff would not be subject to the limitations put forth in the medical opinion); *White v. Astrue*, No. 10-5064-CV-SW-JCE, 2012 WL 930840, at *7 (WD. Mo. Mar. 19, 2012) (finding error where the ALJ gave some weight to doctor's opinion, but did not include the doctor's opinion about the claimant's functional restrictions into the RFC finding). Here, the ALJ indicated he gave Dr. Moore's opinion significant weight and that he provided Plaintiff with additional limitations in the RFC. (Tr. 70.) However, the ALJ failed to give specific explanations regarding his disregard of Dr. Moore's opinion that Plaintiff was limited to work that did not demand the use of his left upper extremity. This was error. *Trotter*, 2015 WL 5785548 at *4; *White*, 2012 WL 930840, at *4.

The question then becomes whether such error was harmless. This Court cannot say that such error was harmless. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (rejecting the failure to give good reasons under the treating physician rule when discussing former

20 C.F.R. § 1527(d)(2), now § 404.1527(c)(2)) ("To hold otherwise, and to recognize substantial evidence as a defense to non-compliance [of the reason-giving requirement], would afford the [ALJ] the ability [to] violate the regulation with impunity and render the protections promised therein illusory.") Thus, even if there was substantial evidence to support the ALJ's decision, his failure to provide an explanation for disregarding portions of Dr. Moore's opinion requires remand. Further, while the hypothetical question posed to the vocational expert may not have differed, the question posed did not consider a completely restricted use of Plaintiff's left upper extremity. This too requires remand. *See Holstrom v. Massanari*, 270 F.3d 715, 722 (8th Cir. 2001) (fining that a hypothetical question posed to a vocational expert cannot constitute substantial evidence when the evidence is based on an improper RFC). Therefore, the Court will remand the case for the ALJ to clarify his findings regarding the weight given to the opinion of Dr. Moore regarding use of Plaintiff's left upper extremity.

II. **The ALJ did not Err by not Weighing Medical Opinions Issued Prior to the Alleged Onset Date**

Next, Plaintiff argues the ALJ erred by failing to weigh the medical opinions that were issued before the alleged onset date. Specifically, Plaintiff argues the ALJ never evaluated the opinions of Susan Korkowski, OT, Dr. Dekutoski, Dr. Johnson, Dr. Pelaez, and Dr. Gelfman. However, the ALJ was not required to evaluate these opinions because they were issued prior to the alleged onset date. *Adams v. Berryhill*, No. 4:16-CV-2155-SPM, 2018 WL 4404722, at *7 (E.D. Mo. Sept. 17, 2018) (quoting *Baker v. Berryhill*, 720 F. App'x 352, 355 (9th Cir. 2017) ("no reversible error in ALJ's failure to discuss opinion evidence dated prior to alleged onset date, because 'medical opinions predating the alleged onset date are of limited relevance'") (citation omitted)); *Simmons v. Comm'r, Soc. Sec.*, No. CV RDB-17-1837, 2018 WL 3416943, at *2 (D. Md. July 13, 2018) ("[t]he ALJ in the instant case was not required to discuss Dr. Sherlekar's medical opinion, which predated Ms. Simmons's alleged onset date by nearly one year.") Plaintiff cites to 20 C.F.R. §§ 404.152(c), 416.927(c) and *Pirtle v. Astrue*, 479 F.3d 931, 934 (8th Cir. 2007) to support his position that the ALJ was required to evaluate the other medical opinions. However, the relevant time period for consideration of a Plaintiff's disability claim is between the alleged disability onset date and the date of the ALJ decision. *Estes v. Barnhart*, 275 F. 3d 722, 725 (8th Cir. 2002); *Van Vickle v. Astrue*, 539 F. 3d 825, 830 (8th Cir. 2008) (the Court will not rely on medical evidence predating the alleged disability onset date). Additionally, *Pirtle* held that a court

4

*may* consider medical opinions issued prior to the alleged onset date, not that a court was required to consider such evidence. *Pirtle*, 479 F.3d at 934 (emphasis added). Thus, the ALJ was not required to evaluate such opinions and the failure to do so was not error.

Still, even assuming that the failure to evaluate those opinions was error, such error was harmless. The opinions cited by Plaintiff are not inconsistent with the ALJ's RFC determination. Dr. Dekutoski indicated in March 2007, that Plaintiff could do light work with a maximum lifting capacity of 30 pounds (Tr. 625-26.) Dr. Dekutoski further indicated that Plaintiff was "to return to full time work status, eight-hour shifts with his current maximum 50-pound lifting restriction" in April 2007. (Tr. 624.) Dr. Johnson indicated Plaintiff could work 8-hour days, five days a week with frequent walking and standing, and a maximum lifting limit of 50 pounds occasionally and 1-20 pounds frequently in July of 2007. (Tr. 918.) In August 2007, Dr. Johnson indicated Plaintiff could lift 21-50 pounds occasionally and up to 20 pounds frequently, with a maximum of 40 hours per week. (Tr. 904-05.) Dr. Palaez opined in September 2007 that Plaintiff should work 6 hours every day with restrictions to lift 20 pounds only 30% of the time. (Tr. 892.) Ms. Korkowski's assessment put Plaintiff's lifting and carrying abilities within the range of medium exertional level work. (Tr. 651.) Despite Plaintiff's contention to the contrary, Ms. Korkowski's opinion that Plaintiff could reach occasionally and stand occasionally is not necessarily inconsistent with the ALJ's determination, which stated stand and walk for 4 hours per 8-hour workday, no pushing or pulling with the bilateral upper extremities, limited reaching above the shoulder to occasionally, and reaching above the head bilaterally to 15% of the workday. (Tr. 67.) Finally, Dr. Gelfman's 2009 statement that Plaintiff would be better off if he had a job that did not require long periods of time on his feet or lifting heavy weights repetitively is not inconsistent with the ALJ's determination. (Tr. 609.) Plaintiff was limited to a reduced range of light work as defined in 20 C.F.R. 404.1567(b); such a range of work was not inconsistent with these additional medical opinions. Therefore, even if the ALJ erred in not evaluating the other medical opinions issued prior to the alleged onset date, such error was harmless. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("[t]o show an error was not harmless, [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.")

### III. The ALJ Properly Considered the Plaintiff's Subjective Reports

Finally, the Plaintiff argues the ALJ failed to properly consider the Plaintiff's own subjective reports. Here, the ALJ found Plaintiff's "statements concerning the intensity,

5

persistence and limiting effects of his alleged symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 67-68.) An ALJ must give "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated." SSR 16-3p, 2016 WL 1119029, at *9 (Soc. Sec. Admin. Oct. 25, 2017). Here, the ALJ indicated his evaluation was done after careful consideration of the evidence. (Tr. 67.) Further, the ALJ articulated specific reasons why Plaintiff's subjective reports were found to be inconsistent with the medical evidence and other evidence in the record. For instance, the ALJ noted that the treatment records around the time of the alleged onset date remained rather unremarkable (Tr. 69, 337-41, 498-504); the Plaintiff returned to SGA-level work after his injury, and in fact continued to work until 2015 with no additional evidence of significant change in the objective clinical findings (Tr. 69, 238-39, 245.); the treatment during the time of his alleged disability remained conservative in nature with no additional treatment being required or suggested by any provider (Tr. 69, 436-40, 492-93); the fact that Plaintiff received unemployment benefits after the alleged onset date and that to receive such benefits Plaintiff had to certify that he was able and available to work (Tr. 68, 246, 259); the Plaintiff retained part time work after his alleged onset date (Tr. 68, 238-39, 240-47, 258); and Plaintiff was able to attend to his own personal needs and hygiene, perform chores, shop for food and computer stuff, and drive his motorcycle for transportation (Tr. 69-70, 289-91.) Moreover, the ALJ frequently pointed out that Plaintiff reported driving his motorcycle for up to 60 miles at a time, which the ALJ found inconsistent with Plaintiff's reports. (Tr. 69-70.) Therefore, the ALJ gave specific reasons for the weight given to Plaintiff's subjective reports, and such reasons were supported by substantial evidence within the record. *See* SSR 16-3p, 2016 WL 1119029, at *9.

Relatedly, Plaintiff claims the ALJ erred in assessing Plaintiff's subjective reports because he failed to consider the consistency of Plaintiff's subjective statements in the medical records dating back to 2005. However, the relevant time period for consideration of a Plaintiff's disability claim is between the alleged disability onset date and the date of the ALJ decision. *Estes v. Barnhart*, 275 F. 3d 722, 725 (8th Cir. 2002); *Van Vickle v. Astrue*, 539 F. 3d 825, 830 (8th Cir. 2008) (the Court will not rely on medical evidence predating the alleged disability onset date). Thus, the ALJ was not required to consider evidence of Plaintiff's subjective statements and condition prior to the alleged onset date. Even still, the record indicates the ALJ noted Plaintiff's history of back injury. (See Tr. 69-70.) The ALJ also noted that the Plaintiff had several years of

SGA work after the injury and that there were no objective clinical findings in any of the records to indicate a significant change in Plaintiff's condition. (Tr. 69-70); *See Van Vickle*, 539 F. 3d at 830 (noting much of the evidence of plaintiff's alleged disability took place before the alleged onset date and that plaintiff continued to work for four years despite suffering from what she called extreme fatigue); *Dixon v. Sullivan*, 905 F. 2d 237, 238 (8th. Cir. 1990) ("Dixon worked with his impairments over a period of years without any worsening of his condition. Thus, he cannot claim them as disabling.") Therefore, the ALJ did not err in his consideration of Plaintiff's subjective reports.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, it is therefore **ORDERED** that pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** for proceedings. On remand, the ALJ will clarify, or in the alternative, reconsider, his findings regarding the weight given to the opinion of Dr. Moore and further reevaluate whether Plaintiff is disabled based on any new findings.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 23, 2019